FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER S.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:26-CV-05019-ACE<br><br>ORDER GRANTING DEFENDANT'S MOTION<br><br>**ECF Nos. 9, 14 & 15** |

**BEFORE THE COURT** is Plaintiff's Opening Brief, ECF No. 9 & 15, and Defendant's Brief in response, ECF No. 14. Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney John B. Drenning represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income in August 2020, alleging a disability onset date of January 1, 2020.[1] Tr. 404. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a telephonic hearing on July 19, 2023, Tr. 299-300 (Plaintiff did not appear), and issued an unfavorable decision on October 31, 2023, Tr. 185-197. However, on August 13, 2024, the Appeals Council vacated

[1]Plaintiff was previously denied benefits by Administrative Law Judges on April 19, 2013, Tr. 84-97, and again on March 15, 2018, Tr. 106-122.

the decision and remanded the matter for further proceedings. Tr. 205-206. A new administrative hearing was held before ALJ Shumway on April 22, 2025. Tr. 60-80. At this hearing, the alleged onset date was amended to August 19, 2020, the date of the application. Tr. 63. On April 28, 2025, ALJ Shumway denied Plaintiff's claim. Tr. 17-30. Plaintiff filed this action for judicial review on February 12, 2026. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can perform other substantial gainful activity; and (2) a significant number of jobs exist in the national economy which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On April 28, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 19, 2020, the application date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, obesity, affective disorder, and anxiety disorder with agoraphobia. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21-23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light work with the following limitations: she can lift

and/or carry up to 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for a total of six hours in an eight-hour workday and can sit for a total of six hours in an eight-hour workday; she can understand, remember, and carry out simple instructions; she can make judgments commensurate with the functions of unskilled work (work which needs little or no judgment to do simple duties, a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed); she can respond appropriately to supervision but should not be required to work in close coordination with coworkers where teamwork is required; she can deal with occasional changes in the work environment; and she can do work that requires no contact with the general public to perform work tasks. Tr. 23.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 28.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of cleaner, housekeeping; collator operator; and router. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset date, August 19, 2020, through the date of the decision, April 28, 2025. Tr. 29-30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff argues the ALJ reversibly erred by (1) improperly rejecting the opinions of Plaintiff's examining medical providers and instead concluding *Chavez* dictated reliance upon prior limitations; (2) improperly rejecting Plaintiff's examining expert evaluations and failing to consider issues of sustainability and

consistency regarding the weighing of medical opinions on mental health limitations; and (3) failing to meet his burden at step five to identify specific jobs, available in significant numbers, which Plaintiff could perform in light of her specific functional limitations. ECF No. 15 at 9.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff's briefing challenges the ALJ's evaluation of the medical opinions of Susan Hakeman, M.D., Cecilia Cooper, Ph.D., and David T. Morgan, Ph.D. ECF No. 15 at 15-16.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-789, 792. The Court determined the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

*1. Cecilia Cooper, Ph.D.*

Plaintiff argues the ALJ erred because Dr. Cooper's May 2021 Report of Psychological Evaluation, Tr. 739-746, assessed greater limitations than accounted for in the ALJ's RFC determination. ECF No. 15 at 7-8, 17-18.

The ALJ found the report of Dr. Cooper "generally persuasive." Tr. 27. The ALJ determined Dr. Cooper's opinions, though vague, were generally supported by the mental status exam findings and generally consistent with Plaintiff's full longitudinal record, which reflected a history of issues related to her multiple mental health impairments, including issues with depressive and anxiety

related symptoms involving memory issues, disturbed moods, panic, and reduced concentration and focus. Tr. 27. Plaintiff did not challenge the ALJ's assessment of the supportability and consistency of Dr. Cooper's report.

Dr. Cooper's report does not specifically rate the severity of Plaintiff's ability to perform specified activities (i.e., mild, moderate, marked, severe). However, based on the Court's review, Plaintiff's assertion that the limitations noted in Dr. Cooper's report "sure sound-like MARKED impairments to us," ECF No. 15 at 18, is simply not supported. *See infra*.

The mental status evaluation of Dr. Cooper noted Plaintiff's overall appearance was clean and stylish, she was cooperative and in a positive mood, she did not describe unusual beliefs or delusion and spoke at a normal rate with appropriate modulation, her orientation to time and place was not impaired, her remote memory was not impaired but her immediate memory was somewhat impaired, her fund of knowledge was adequate but her rate of speed performing tasks was below average, her attention and concentration was somewhat impaired, her judgment and abstract reasoning were not impaired, and her estimated level of intelligence was at the beginning of the low average range. Tr. 741-743. Based on these findings, Dr. Cooper opined that Plaintiff could understand, remember, and carry out two or three step simple instructions but would require assistance to complete complex instructions. Tr. 745. Dr. Cooper further opined Plaintiff's ability to maintain concentration would depend upon her level of interest and level of anxiety,[2] Plaintiff would complete tasks slowly, her attendance would vary without some accommodation for breaks, Plaintiff could maintain appropriate interactions with supervisors and coworkers but was "apt to have difficulty

---

[2]Dr. Cooper's report explained Plaintiff's ability to maintain attentiveness was not significantly impaired when she is intent on achieving a specific goal, but that her attentiveness is more erratic with waning interest. Tr. 744.

interacting with the public on a frequent basis," and she would do best working alone in a quiet setting. Tr. 745-746. Dr. Cooper also found that Plaintiff would take longer than average to adjust to normal work pressures and would require close supervision around machinery. Tr. 746.

The Court finds the ALJ reasonably concluded the limitations assessed by Dr. Cooper could be accommodated with workplace restrictions on complexity, pace, judgment, preparation, interaction, and change. *See* Tr. 23, 27. The ALJ's evaluation of Dr. Cooper's report is supported by substantial evidence and free of error.

*2. David T. Morgan, Ph.D.*

Plaintiff argues the ALJ erred by failing to accord weight to Dr. Morgan's November 2023 opinion that Plaintiff had "marked" impairments in nine areas of functioning. ECF No. 15 at 8, 18.

On November 22, 2023, Dr. Morgan completed a Psychological/Psychiatric Evaluation of Plaintiff. Tr. 913-918. Dr. Morgan assessed marked limitations in 9 of 13 categories of basic work activities. Tr. 915. He opined that Plaintiff had marked limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; perform routine tasks without special supervision; adapt to changes in a routine work setting; make simple work-related decisions; ask simple questions or request assistance; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. *Id.* However, Dr. Morgan noted in a disclaimer that the sole purpose of the evaluation was to assess Plaintiff's ability to engage in gainful employment based on DSHS criteria only and the use of the exam for any other purpose would be inappropriate as contrary to the intent of the evaluation. Tr. 916.

The ALJ found Dr. Morgan's report "unpersuasive." Tr. 26. The ALJ noted the report expressly disclaimed usefulness for any purpose other than DSHS disability evaluation and stated the use of the evaluation for any other purpose was "inappropriate." Tr. 26, 916. The ALJ also found the opinion poorly supported[3] and inconsistent with the evidence of record, which showed no more than moderate limitations in any of Plaintiff's areas of mental functioning.

The Court finds the ALJ reasonably adopted Dr. Morgan's own disclaimer that his report was not intended to be used for any purpose other than DSHS disability "pertaining to eligibility for ABD/HEN or IANF/Workfirst programs ONLY." Tr. 26 citing Tr. 916. As stated by the ALJ, "reliance on this report for Social Security Administrative evaluation [is] inappropriate." Tr. 26. Moreover, the marked limitations were assessed by Dr. Morgan on a check-box form with no detailed explanation[4] and were not supported by the examination as the objective findings, Tr. 916-917, were normal (other than a notation of an anxious mood and

---

[3]The ALJ specifically determined the assessed marked limitations were unsupported because the opinion was rendered on a check-box form with no explanation for the ratings and the one-time phone interview exam yielded "overwhelmingly normal" objective findings. Tr. 26, 916-917.

[4]Although the Ninth Circuit stated in a footnote that there is no authority that a "check-the-box" form is any less reliable than any other medical form, *Trevizo v. Berryhill*, 871 F.3d 664, 677 n. 4 (9th Cir. 2017), the Ninth Circuit has consistently held that individual medical opinions are preferred over check-box reports, *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (holding "the regulations give more weight to opinions that are explained than to those that are not"). An ALJ's rejection of a check-box report that does not contain an explanation of the bases for the conclusions made is permissible. *Crane*, 76 F.3d at 253.

immediate memory not within normal limits), *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ may discredit a physician's opinion that is unsupported by rationale or treatment notes and offers no objective medical findings to support the existence of alleged conditions). Furthermore, the ALJ correctly noted that the marked limitations were not consistent with the longitudinal record, which showed no more than moderate limitations: she was alert, oriented, calm, actively engaged, cooperative, and in no apparent distress; had an appropriate affect with no hallucinations or delusions; had good eye contact and normal mood, speech, insight and judgment, fund of knowledge, attention span, perception, abstract thought, cognition, and concentration; intact recent and remote memory; a subjectively and objectively euthymic mood; no noted objective anxiety; and appropriate dress with good grooming and hygiene. Tr. 26 citing 1027, 1039, 1055, 1091, 1102-1103, 1134-1135, 1159, 1175, 1193.

In addition to Dr. Morgan's own disclaimer, the assessment was inconsistent with the generally normal objective findings on exam, unsupported by an explanation, and inconsistent with the weight of the record evidence. The Court thus finds the ALJ correctly determined that Dr. Morgan's opinion lacked persuasive value.

*3. Susan Hakeman, M.D.*

Plaintiff contends the ALJ also erred by finding the January 2020 opinion of Dr. Hakeman unpersuasive. ECF No. 15 at 6-7, 17.

On January 27, 2020, Dr. Hakeman completed a Psychological/Psychiatric Evaluation of Plaintiff. Tr. 602-605. Dr. Hakeman assessed marked and severe limitations in 9 of 13 categories of basic work activities. Tr. 603. She opined that Plaintiff had "marked" limitations in her ability to learn new tasks, adapt to changes in a routine work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently and "severe" limitations in her ability to understand, remember, and persist in tasks by following detailed

instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, ask simple questions or request assistance, communicate and perform effectively in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and set realistic goals and plan independently. Tr. 603.

The ALJ determined Dr. Hakeman's exam findings were not well supported because they were based on a cursory, one-time evaluation in which Dr. Hakeman recorded Plaintiff's responses but did not make any findings as to whether those responses were within normal limits. Tr. 26. The ALJ also found Dr. Hakeman's opinion was inconsistent with Plaintiff's full record, which shows Plaintiff had no worse than moderate limitations in areas of mental functioning, as indicated by her mental status exams and past recorded statements. Tr. 27.

The Court finds the ALJ appropriately determined that Dr. Hakeman's assessed marked and severe functional limitations are not supported. Tr. 26-27. Within the "Mental Status Exam" portion of Dr. Hakeman's report, it fails to identify whether Plaintiff's performance on specific categories of the exam were within normal limits, yet the findings in the note sections appear fairly normal. *See* Tr. 604-605. Moreover, although there is no requirement for a consultative examiner to conduct a record review, the ALJ noted the exam findings were merely based on a cursory, one-time evaluation (no records were reviewed). Tr. 26. Dr. Hakeman's failure to meaningfully review the record lessens the supportability of her opinions. Ultimately, the functional limitations assessed by Dr. Morgan, Tr. 603, were conveyed on a check-box form with no explanation. *See Holohan*, 246 F.3d at 1202 (holding "the regulations give more weight to opinions that are explained than to those that are not"); *Crane*, 76 F.3d at 253. Regarding consistency, the undersigned finds, as determined by the ALJ, Dr. Hakeman's assessed marked and severe limitations were not consistent with the

credible evidence of the record. As discussed above with respect to Dr. Morgan, the ALJ correctly noted that significant mental limitations were not consistent with the longitudinal record, which showed no more than moderate limitations.

Accordingly, the Court finds the ALJ reasonably determined Dr. Hakeman's opinions were unpersuasive because the assessed marked and severe limitations were unsupported by and inconsistent with her examination findings and the credible evidence of record.

Based on the foregoing, the Court finds Plaintiff has failed to demonstrate that the ALJ improperly evaluated the medical opinion evidence of record. The mental health limitations imposed by the ALJ in his RFC determination are supported by substantial evidence and free of legal error. Plaintiff is not entitled to remand on this issue.

**B. Res Judicata**

Plaintiff argues the ALJ erred when he concluded there was no "change in circumstances" since the March 2018 ALJ decision and applied the doctrine of res judicata. ECF No. 15 at 14-15.

"The principles of res judicata apply to administrative decisions." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). When an ALJ previously finds a claimant not disabled, there is a presumption the claimant remains non-disabled after the adjudicated period. Social Security Acquiescence Ruling (SSAR) 97-4(9), 1997 WL 742758 at *2 (Dec. 3, 1997). In order to overcome the presumption of continuing non-disability arising from the first ALJ's finding of non-disability, a claimant must prove "changed circumstances." *See Chavez*, 844 F.2d at 693; *Dallas v. Chater*, 105 F.3d 664 (9th Cir. 1997); *Jeremy U. v. O'Malley*, 2024 WL 171320 at *7 (E.D. Wash. Jan. 16, 2024). Changed circumstances include a change in age category, an increase in the severity of an impairment, an impairment not previously considered, or a change in the criteria for determining disability. SSAR 97-4(9), 1997 WL 742758 at *3. Even if the claimant rebuts the

presumption by showing changed circumstances, the ALJ must still give res judicata effect to prior findings unless new and material evidence directly impacts those findings. *Id*.

The ALJ in this case noted that an ALJ denied Plaintiff benefits on March 15, 2018, and indicated, with a reference to *Chavez*, that the ALJ's decision that Plaintiff was not disabled gave rise to a presumption of continuing non-disability after the period adjudicated unless Plaintiff could rebut the presumption by showing "changed circumstances" (i.e., a change in Plaintiff's age category, an increase in the severity of Plaintiff's impairments, the alleged existence of an impairment not previously consider, or a change in the criteria for determining disability). Tr. 17. The ALJ determined the *Chavez* presumption was rebutted "in only a threshold sense by a change in the musculoskeletal listings and addition of some nonsevere impairments." Tr. 17. However, the ALJ found there was no new and material evidence demonstrating new severe impairments, a decline in Plaintiff's residual functional capacity, a change in past relevant work, or a change in the Plaintiff's age category. Tr. 17-18. Consequently, the ALJ adopted the ALJ's findings on these matters. Tr. 18, 23 (adopting the RFC determination from Plaintiff's March 15, 2018 decision).

Plaintiff argues the ALJ erred in reaching these conclusions. In support, Plaintiff notes her substantial weight gain since 2018, impacting her physical capacities, and the 2020 and 2023 medical assessments demonstrating a worsening of her mental health (noting marked and severe levels of impairment). ECF No. 15 at 14-15. Plaintiff contends the foregoing is new and material evidence that shows a change in circumstances and the ALJ should have thus made a new RFC determination consistent with the record evidence. ECF No. 15 at 15.

ALJ Shumway found Plaintiff had severe impairments of degenerative disc disease, **obesity**, affective disorder, and anxiety disorder with agoraphobia, Tr. 20 (emphasis added), and limited Plaintiff to light work with several specific mental

limitations, Tr. 23. As asserted by Defendant, ECF No. 14 at 4-5, Plaintiff does not show that these conditions or her symptoms worsened since the last ALJ decision or that the credible medical evidence since the March 2018 decision was in any way inconsistent with the ALJ's findings.[5] *See Chavez*, 844 F.2d at 693 (the burden in on the claimant to demonstrate that her condition has deteriorated since her last denial). Plaintiff has failed to show that the evidence she summarized in briefing warranted any additional limitations. Accordingly, the Court finds the ALJ's res judicata analysis is supported by substantial evidence and free of legal error.

**C. Step Five**

Plaintiff lastly argues the ALJ erred at step five of the sequential evaluation process. ECF No. 15 at 16-18. Plaintiff asserts the vocational expert testimony relied upon by the ALJ was without evidentiary value because it was provided in response to an incomplete hypothetical that failed to account for all of Plaintiff's limitations. *Id*.

At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on a complete hypothetical posed to a vocational expert. *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be "based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v.*

---

[5]The ALJ's decision found obesity was a severe impairment that limited Plaintiff to light work with sit/stand/walk restrictions and, as indicated in Section A, above, the ALJ appropriately evaluated the medical opinions of Drs. Hakeman, Cooper, and Morgan with respect to Plaintiff's mental health.

*Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

However, the ALJ's RFC need only include those limitations found credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211,1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record."); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (The ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence."). The ALJ is therefore not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756-757 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). A plaintiff fails to establish that a step five determination is flawed by simply restating an argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008).

Plaintiff contends the ALJ erred by relying on the vocational expert's response to an incomplete hypothetical. ECF No. 15 at 16-18. Plaintiff's argument assumes that the ALJ erred in his analysis of the medical evidence. However, as addressed above, the ALJ properly evaluated the medical opinion evidence in this case. *See supra*. The ALJ's RFC determination adequately addresses the medical and other evidence in the record, and Plaintiff's alternative interpretation of the evidence does not undermine the ALJ's analysis. The ALJ did not err in assessing Plaintiff's RFC or finding Plaintiff capable of performing work

existing in the national economy based on that RFC determination. Plaintiff is not entitled to a remand.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion to affirm, **ECF No. 14**, is **GRANTED**.
2. Plaintiff's motion to reverse, **ECF Nos. 9 & 15**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED November 16, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE